**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

CA 08 164S

| | | |
|---|---|---|
| **JANELLE REDERFORD,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **Civil Action No.** |
| **US AIRWAYS, INC.,** | : | |
| **Defendant.** | : | |
| | : | **JURY TRIAL DEMANDED** |

**COMPLAINT**

## I. JURISDICTION

1. This civil action is brought pursuant to the provisions of Title I of the Americans with Disabilities Act (ADA), Pub. L. No. 101-136, (42 United States Code §§ 12111-12117) to remedy disability discrimination in employment. Jurisdiction over the complaint is conferred by 28 United States Code §1331(a) and by Title VII of the Civil Rights Act of 1964, *as amended* (42 United States Code § 2000e-5). Equitable and other relief is sought under 42 United States Code §2000e-5(g) and under 42 United States Code §12117(a).

2. Venue is properly laid within this judicial district. The acts or omissions to act which comprise the acts of employment discrimination complained of herein occurred within the territorial boundaries of this judicial district at the T. F. Green Airport, in Warwick, Rhode, Island.

## II. PARTIES

3. Plaintiff named herein is: JANELLE REDERFORD, an adult, female citizen of the United States who resides in Sparks, Nevada. At all times relevant herein, Plaintiff was a qualified individual with a disability. Since the summer of 1979, when her condition was first

diagnosed, Plaintiff has suffered from Systemic Lupus Erythematosus ("Lupus"). It limits Plaintiff in one or more major life activities. Lupus is an autoimmune disease. Rashes, sensitivity to sunlight, skin ulcers, arthritis, serositis, renal or kidney problems, brain or spinal cord problems, fatigue, accompanied by dizziness, headaches or depression are signs and symptoms of the presence of the Lupus. It often goes into remission for varying and indeterminate periods of time in the life of the afflicted individual. With reasonable accommodations, Plaintiff could perform all of the essential functions of her position as a Customer Service Representative with Defendant US Airways, Inc.

4. Defendant named herein is: US AIRWAYS, INC. (hereinafter "US Airways"). Defendant is a covered entity. It is a for profit business entity engaged in interstate transportation by air of passengers and freight for hire. For 20 or more weeks in the current or preceding calendar year, Defendant has had 15 or more employees. Defendant employs over 501 persons at airports and other facilities located throughout the United States, including the T. F. Green Airport in Warwick, Rhode Island. Defendant is engaged in an industry affecting interstate commerce.

## III. STATEMENT OF FACTS

5. Plaintiff was employed by Defendant for approximately 24 years as a Customer Service Representative. During her employment with Defendant, Plaintiff acquired a record of impairment or disability by her need to take time off from work to seek care and treatment for the effects of her disability. Defendant came to regard Plaintiff as an impaired or disabled individual.

6. On or about January 31, 2002, at the T. F. Green Airport in Warwick, Rhode, Island, Defendant terminated Plaintiff's employment for alleged unauthorized absences from work.

7. Plaintiff was absent from work from January 2, 2002, through January 5, 2002, due to an illness related to her ongoing problems with Lupus. When Plaintiff returned to work, Hannah Head, her immediate supervisor, required her to submit a Certification from her Health Care Provider, regarding the nature, severity, and likely recurrence of Plaintiff's medical condition. Plaintiff obtained the Certification from her health care provider, Virginia Schmidt Parker, M.D. of Warwick, Rhode Island, and submitted it in a timely fashion. Ms. Head was not satisfied with it and orally demanded Plaintiff to submit an amended Certification or report by no later than Saturday, January 26, 2002. Dr. Parker was not able to prepare the amended Certification or report by January 26. Dr. Parker or her office contacted Ms. Head directly and requested an extension up through and including Monday, January 28, 2008.

8. On January 28, 2008, while she was at work, Ms. Head called Plaintiff and told her that she had not received the Certification from Dr. Parker. Plaintiff informed Ms. Head that she would look in to it. Plaintiff was not able to contact Dr. Parker's office until after her offices had closed for the day. Without further contacting Plaintiff or Dr. Parker, on Thursday, January 31, 2002, Defendant refused to accommodate Plaintiff further and summarily terminated her employment.

## IV. DAMAGES

9. As a result, Plaintiff has suffered and continues to suffer great emotional and physical distress which has required her to seek and obtain treatment and care from health care providers. Plaintiff also suffered extreme and devastating financial losses and reversals which

caused her to file for bankruptcy. Plaintiff's economic losses include but are not limited to, lost salary and benefits, including medical, dental, vision, and retirement benefits.

10. Defendant's act of summarily terminating Plaintiff's employment without further interacting with her to obtain the amended Certification from her health care provider or allowing Plaintiff reasonable time to obtain the amended Certification was intentional, malicious and done in reckless indifference to Plaintiff's federally protected rights for which an award of punitive damages is appropriate to make an example of Defendant and to deter others from engaging in like of similar conduct.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. On April 25, 2002, Plaintiff filed a charge of discrimination under oath with the United States Equal Employment Opportunity Commission (EEOC).

12. On February 8, 2008, the EEOC issued a Notice-of-Right-to-Sue (copy attached, marked Exhibit A), which Plaintiff received on February 12, 2008.

## VI. CLAIMS FOR RELIEF

### A. First Claim for Relief (Denial of Reasonable Accommodations)

13. Plaintiff incorporates as though fully set forth and alleged in this First Cause of action paragraphs 1 through 12, above.

14. Defendant intentionally violated the provisions of 42 United States Code §12112(a) by refusing and failing togR ant Plaintiff reasonable accommodations to seek care and treatment for her disability and thereafter terminating her employment.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### B. Second Claim for Relief (Prohibited Inquiry Into Nature or Severity of Plaintiff's Disability.)

15. Plaintiff incorporates as though fully set forth and alleged in this Second Cause of action paragraphs 1 through 12, above.

16. Defendant intentionally violated the provisions of 42 United States Code §12112(d) (4) by making prohibited inquiry into the nature or severity of Plaintiff's disability, which was not job-related and consistent with business necessity.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**C. Third Claim for Relief (Failure to Interact in Good Faith to Reach Reasonable Accommodation with Plaintiff)**

17. Plaintiff incorporates as though fully set forth and alleged in this Third Cause of action paragraphs 1 through 12, above.

18. Defendant intentionally violated the provisions of 42 United States Code §§12201(d) and 12112(a) by failing to interact in good faith with Plaintiff to reach a reasonable accommodation instead of terminating her employment.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**D. Fourth Claim for Relief (Violation of the Prohibition Against Retaliation and Coercion)**

19. Plaintiff incorporates as though fully set forth and alleged in this Fourth Cause of action paragraphs 1 through 12, above.

20. Defendant intentionally violated the provisions of 42 United States Code §12203(a) and (b) by retaliating against and coercing Plaintiff because of her participation in protected proceedings under the Act or her opposition to practices or policies prohibited by the Act.

21. The protracted investigation of Plaintiff's complaint by the Rhode Island Human Rights Commission and the EEOC inevitably led to or should have inevitably led to discovery of Defendant's acts of retaliation and coercion against Plaintiff which led to termination of her employment.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## VI. PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

A. For an award of equitable and injunctive relief in the form of reinstatement, back pay and front pay, including an award of the reasonable value of lost of fringe benefits;

B. For an award of compensatory, special, and punitive damages according to proof at trial;

C. For an award of reasonable attorney's fees, including litigation expenses, and costs pursuant to the provisions of 42 United States Code §12205;

D. For an award of prejudgment interest; and

E. For such other and additional relief as the Court deems appropriate.

VICKI J. BEJMA, #6498
LAW OFFICES OF STEPHEN M. ROBINSON
155 South Main Street, Suite 402
Providence, Rhode Island 02903-7115
T. 401.331.6565
F. 401.331.7888
vbejma@smrobinsonlaw.com
May 1, 2008

JURY DEMAND

Pursuant to Rule 38(b) Fed. R. Civ. P.. Plaintiff demands trial by jury on all claims for which a jury is permitted.

Date: May 1, 2008

VICKI J. BEJMA