**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JANELLE REDERFORD,**<br><br>Plaintiff,<br><br>v.<br><br>**US AIRWAYS, INC.**<br><br>Defendant. | Case No. CV 08-00164-S-DLM |

**DEFENDANT US AIRWAYS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

Defendant US Airways, Inc. ("US Airways" or "the Company"), by and through its undersigned counsel, hereby files this memorandum in support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

This Court is the fourth forum in which Plaintiff Janelle Rederford ("Rederford") has attempted to recover for alleged disability discrimination arising out of the termination of her employment from US Airways more than six years ago. Rederford's claims have already been discharged by the United States Bankruptcy Court for the Eastern District of Virginia ("the Bankruptcy Court") and dismissed by the Rhode Island Commission for Human Rights and the Rhode Island Superior Court. Seemingly undeterred by these prior rulings, Rederford has now filed a Complaint with this Court. Rederford's lawsuit, however, must be dismissed because her claims were discharged in US Airways' 2002 bankruptcy proceedings, and the initiation or continuation of this action is barred by a permanent injunction issued by the Bankruptcy Court.

## FACTUAL AND PROCEDURAL BACKGROUND

US Airways employed Rederford as a Customer Service Representative until January 31, 2002, when the Company terminated her employment. (Compl. at ¶¶ 5-6.) Rederford alleges that her termination violated the Americans with Disabilities Act (See Generally Compl.), and had filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission raising those allegations on April 25, 2002.

***US Airways' Bankruptcy Proceeding and the Discharge of Rederford's Claim***

On August 11, 2002 (the "Petition Date"), US Airways filed a Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code in the Bankruptcy Court.[1] On October 1, 2002, US Airways served Rederford with a Notice of Bar Date for Filing Proof of Claim (the "Notice"), a Proof of Claim form, and other pertinent documents. (See Notice of Bar Date for Filing Proof of Claim form, Affidavit of Service and relevant enclosures, attached hereto as Exhibit 1.)[2] The Notice set November 4, 2002, as the general claims bar date. (Id.)

On October 31, 2002, Rederford filed a Proof of Claim with the claims agent appointed by the Bankruptcy Court. (See 10/28/02 Rederford Proof of Claim, attached hereto as Exhibit 2.) Rederford's Proof of Claim was solely based on the allegations and claims raised in her charge of discrimination, a copy of which she attached to her Proof of Claim. (Id.)

On January 24, 2003, US Airways filed a Second Omnibus Objection ("Second Claims Objection") to certain claims, including a class of claims involving disputed and unliquidated

---

1 US Airways requests that the Court take judicial notice of the bankruptcy proceedings, administrative actions, and court proceedings referenced herein. Fed. R. Evid. 201. This is consistent with US Airways' Motion to Dismiss, for a court "may look to matters of public record in deciding a Rule 12(b)(6) motion." Boateng v. InterAmerican Univ., 210 F.3d 56, 60 (1st Cir. 2000).

2 The relevant portions of the various documents referenced in this motion are attached. Complete copies are available upon request and were not attached in their entirety due to their volume.

litigation claims. (See Debtors' Second Omnibus Objection to Certain (I) Duplicative Claims, (II) Aircraft Debt Claims (Duplicative; Contingent and Overstated); (III) Equity Claims, (IV) Unsubstantiated Claims (Books and Records), (V) Contingent and Unliquidated Claims, and (VI) Reduce and Allow Claims, relevant portions of which are attached hereto as Exhibit 3.) Included within the scope of US Airways' Second Claims Objection were various litigation matters initiated against US Airways prior to the filing of the Second Claims Objection and disputed by the Company. Rederford's claim was specifically identified as one such claim in Exhibit E. (Id., Exh. E.) Pursuant to the Second Claims Objection, US Airways requested that Rederford's claim be disallowed and expunged in its entirety. (Id. at 10.)

Rederford was served with a copy of the Second Claims Objection on January 28, 2003. (See 2/5/03 Affidavit of Service and relevant page of Service List, attached hereto as Exhibit 4.) The Second Claims Objection included language notifying Rederford of her opportunity to file a written response to the Second Claims Objection and request a hearing. (See Exh. 3, at 10-11.) Rederford also received a separate Notice of Opportunity to Request a Hearing and to file a written response to the Second Claims Objection. (See Notice of Opportunity to Request a Hearing Pursuant to Local Bankruptcy Rule 3007-1(E), attached hereto as Exhibit 5.) Rederford was clearly notified in both documents that any response she had to the Second Claims Objection was required to be filed with the Bankruptcy Court by February 28, 2003, and that failure to file a response and request a hearing would result in disallowance of her claim. (See Exh. 3, at 10-11; Exh. 5, at 1.)

Rederford failed to file any response to the Second Claims Objection. On March 17, 2003, the Bankruptcy Court entered an Order sustaining US Airways' Second Claims Objection. (See 3/17/03 Order Sustaining Debtors' Second Omnibus Objection to Certain Claims, attached

hereto as Exhibit 6.) Pursuant to the Court's Order, Rederford's claim was explicitly disallowed. (Id., Exh. E.)

On March 18, 2003 (the "Confirmation Date"), the Bankruptcy Court confirmed the First Amended Joint Plan of Reorganization (the "Plan") of US Airways, Inc. and Its Affiliated Debtors and Debtors-in-Possession (the "Confirmation Order"). (See Plan §§ 11.2, 11.10; Confirmation Order ¶ 10, 11, attached hereto as Exhibits 7 and 8.) The Plan discharged all claims originating before the March 31, 2003 Effective Date and enjoined any person from pursuing such claims. (Id.) As discussed below, the Confirmation Order discharged US Airways from any liability it may otherwise have had to Rederford and established a permanent injunction against the commencement of this action.

***The Rhode Island Commission on Human Rightss' Rejection of Rederford's Claim***

As Rederford was prosecuting her claim through the Bankruptcy Court proceedings, she was also attempting to pursue her discrimination claims in Rhode Island. At approximately the same time as Rederford filed a charge of discrimination with the EEOC, she filed a charge of discrimination with Rhode Island's Commission for Human Rights ("RICHR") alleging that she was terminated in violation of the state's anti-disability discrimination statute. On May 31, 2007, the RICHR dismissed Rederford's complaint, finding that her claim had been discharged in bankruptcy, that the Bankruptcy Court's decision was *res judicata* and that any challenge to the Bankruptcy Court's ruling had to be made in the Bankruptcy Court. (See 5/31/07 Decision on Motion to Dismiss at 5, attached hereto as Exhibit 9.) Rederford appealed the RICHR's decision to the Rhode Island Superior Court, which dismissed the appeal as untimely. (See 10/15/07 Order, Judgment, attached hereto as Exhibit 10.)

## LEGAL ANALYSIS

## I. LEGAL STANDARD FOR MOTION TO DISMISS.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must view the alleged facts in the light most favorable to the pleader. See In Re Credit Suisse First Boston Corp., 431 F.3d 36, 51 (1st Cir. 2005); Greater Providence MRI Ltd. P'ship v. Medical Imaging Network of S. New England, Inc., 32 F. Supp. 2d 491, 493 (D.R.I. 1998). The Court need not credit "unsupported conclusions or interpretations of law." Washington Legal Found. v. Massachusetts Bar Found., 993 F.2d 962, 971 (1st Cir. 1993). In addition, the Court may consider not only the Complaint but also matters fairly incorporated within it and matters susceptible to judicial notice. See In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15-16 (1st Cir. 2003) (citing Cruz v. Melecio, 204 F.3d 14, 21 (1st Cir. 2000)); Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16-17 (1st Cir. 1998); Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017-18 (5th Cir. 1996)). To survive a motion to dismiss, a complaint must allege facts sufficient to establish a "claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1974, (2007); Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007).

## II. REDERFORD'S CLAIM HAS BEEN DISCHARGED IN BANKRUPTCY.

Section 11.2 of the Plan provides that the Plan operates "in complete satisfaction, discharge, and release" of any and all claims against US Airways arising on or before the Confirmation Date. (See Exh. 7.) A "claim" in bankruptcy is broadly defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." See 11 U.S.C. § 101(5)(A). Like any other "claim," a suit alleging employment discrimination

falls under the definition provided in the Bankruptcy Code. See, e.g., Conroy v. Delta Air Lines, Inc., No. 07-61890-CIV, 2008 WL 1994830, at *1 (S.D. Fla. May 8, 2008) (citing Wright v. Centennial Healthcare Corp., 383 B.R. 355, 358 (D.D.C. 2008) (collecting cases)).

At the very latest, Rederford's claim against US Airways arose on January 31, 2002, her termination date. See O'Loghlin v. County of Orange, 229 F3d 871, 874 (9th Cir. 2000) ("[A] claim arises, for purposes of discharge in bankruptcy, at the time of events giving rise to the claim."). Because Rederford's claim arose more than a year before the March 18, 2003 Confirmation Date, and because her claim was expressly identified and argued in the bankruptcy proceeding, there can be no dispute that Rederford's claim was among those discharged in US Airways' bankruptcy.

The fact that Rederford claims to have only received her Notice of Right to Sue from the EEOC in February 2008 does not save her claim from discharge. See, e.g., O'Loghlin, 229 F.3d at 874 (9th Cir. 2000) (holding that discrimination claims based on events occurring before plan confirmation were discharged even though EEOC issued its right-to-sue letter after the confirmation date); McSherry v. Trans World Airlines, Inc., 81 F.3d 739, 740-41 (8th Cir. 1996) (holding that an employment discrimination claim, for purposes of discharge in bankruptcy, arises at the time of the adverse employment action and not at the issuance of a Right to Sue notice); Carter v. Safety-Kleen Corp., No. 06-CV 12947, 2007 WL 1180581, at *5 (S.D.N.Y. Mar. 14, 2007) (finding that EEOC right-to-sue letter issued after plan confirmation was "irrelevant" and dismissing discrimination claim as discharged in bankruptcy because plaintiff's employment was terminated before confirmation of reorganization plan); Cross v. K.B. Toys, No. 05-C-6137, 2006 WL 2437831, at *3 (N.D. Ill. Aug. 22, 2006) (dismissing retaliation claim where alleged discrimination occurred before confirmation of defendant-employer's

Complaint therefore must be dismissed. See Cherry v. Arendall, 247 B.R. 176, 181-82 (Bankr. E.D. Va. 2000) ("Congress designed and intended the permanent injunction to give complete effect to the discharge, to eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts, and to ensure that once a debt is discharged, the debtor will not be pressured in any way to repay it.")

## CONCLUSION

For the foregoing reasons, US Airways respectfully requests that the Court grant US Airways' Motion to Dismiss and dismiss the Complaint with prejudice.

Date: July 9, 2008

Respectfully submitted,

/S/ Rebecca McSweeney

Rebecca McSweeney
Jackson Lewis LLC
127 Dorrance Street, 4th Floor
Providence, RI 02903
(401) 490-3444 (Tel.)
(401) 454-7702 (Fax)
Email: mcsweenr@jacksonlewis.com

AND

Daniel E. Farrington, Esq.
*Pro hac vice* pending
The Farrington Law Firm, LLC
4550 Montgomery Avenue, Suite 775 North
Bethesda, Maryland 20814
Tel.: 301-951-1538
Fax: 301-951-1544
Email: dfarrington@farringtonlaw.com

*Attorneys for Defendant, US Airways, Inc.*