# Exhibit 9

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 02 EPD 271-07/07 EEOC 16JA200146

Janelle M. Rederford
Complainant

v.

US Airways
Respondent

DECISION ON MOTION TO DISMISS

## INTRODUCTION

On May 10, 2002, Janelle M. Rederford (hereinafter referred to as the complainant) filed a charge of discrimination with the Rhode Island Commission for Human Rights (hereinafter referred to as the Commission) against US Airways (hereinafter referred to as the respondent). The complainant alleged that she had been subject to discriminatory terms and conditions of employment, denial of reasonable accommodation and termination because of her disability, in violation of R.I.G.L. Sections 28-5-7 and 42-87-2.

On May 7, 2004, a Complaint and Notice of Hearing were issued by the Commission in order to preserve an opportunity for the complainant and the respondent to present evidence on the allegations of the charge. On May 20, 2004, the respondent filed an answer to the complaint. On July 29, 2004, a Preliminary Investigating Commissioner found that there was probable cause to believe that the respondent had discriminated against the complainant regarding terms and conditions of employment, denial of reasonable accommodation and termination because of her disability, in violation of R.I.G.L. Sections 28-5-7 and 42-87-2. On November 4, 2005, an Amended Complaint and Notice of Hearing issued.

On September 5, 2006, the respondent filed a Motion to Dismiss the Amended Complaint (hereinafter referred to as the Motion). The Motion asserted that the complainant's claim was discharged in the respondent's bankruptcy. On October 23, 2006, the complainant filed an Objection to the Motion to Dismiss (hereinafter referred to as the Objection). On

October 26, 2006, the respondent filed a copy of the Order of Dismissal in the matter *Dannette Williams v. U.S. Airways, Inc.*, Docket No. 04-BEM-02450 before the Commonwealth of Massachusetts Commission Against Discrimination (hereafter referred to as the MCAD). On November 6, 2006, the respondent filed a Reply Brief in Support of its Motion to Dismiss.

## FACTS NOT IN DISPUTE

The Commission finds the following facts to not be in dispute:

1. The complainant was employed for approximately twenty-four years by the respondent and held the position of Customer Service Representative at the time of her termination or about January 31, 2002.

2. During the course of complainant's employment with the respondent, she had a disability caused by Lupus Erythematosus.

3. The respondent was aware of the complainant's disability.

4. On May 10, 2002, the complainant filed the within charge of discrimination against the respondent.

5. On August 11, 2002, US Airways Group, Inc., *et al.*, filed a petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia (hereafter referred to as the Bankruptcy Court) in Case No. 02-83984-SSM.

6. The respondent herein is one of the debtors filing said petition.

7. On October 1, 2002, the respondent notified the complainant of the bankruptcy filing.

8. On October 31, 2002, the complainant timely filed a Proof of Claim with the proper agent appointed by the Bankruptcy Court.

9. On January 24, 2003, the respondent filed a Second Claims Objection in the Bankruptcy Court.

10. The complainant's claim was listed in the Second Claims Objection as a claim.

11. The respondent's certification indicates that on January 28, 2003, the complainant was notified of the Second Claims Objection.

12. The Second Claims Objection states in its terms that the complainant had the right to respond and the date upon which she had to file her written Objection, if she chose to do so, to be timely.

13. The complainant has not claimed that she filed a timely response to the Second Claims Objection.

14. On March 17, 2003, the Bankruptcy Court entered an Order sustaining the respondent's Second Claims Objection.

**DISCUSSION**

The Amended Complaint alleges that the respondent subjected the complainant to discriminatory terms and conditions of employment, denial of a reasonable accommodation and termination because of her disability, in violation of R.I.G.L. Sections 28-5-7 and 42-87-2. Specifically, the Amended Complaint maintains that the complainant was discriminated against because the respondent treated complainant disparately by discriminatorily refusing to accept her leave documentation and terminating her employment.

The respondent argues in its Motion to Dismiss that the complainant's claim was discharged in the respondent's bankruptcy and that the complainant's continued pursuit of the Amended Complaint before the Commission violates a permanent injunction granted by the Bankruptcy Court. The relevant language of the Order of the Bankruptcy Court, attached to respondent's Motion as Exhibit 8 provides, in Paragraph 11, *inter alia*, that:

> ...the Debtors ... shall be precluded and permanently enjoined ... from: (a) commencing or continuing in any manner any Claim, action or proceeding of any kind with respect to any Claim ... which they possessed prior to the Effective Date...

The complainant makes the following arguments in opposition to the Motion to Dismiss:

1. The within action was not pursuit of a "claim for payment of a debt", and therefore, not a claim that was discharged by the Bankruptcy Court; and,
2. The respondent was estopped from arguing the applicability of the discharge of the claim because it took a contrary position before the Bankruptcy Court; and,
3. The respondent is estopped by the doctrine of unclean hands.

In support of her position, the complainant argues that the respondent represented to the Bankruptcy Court, and thereby to the complainant, that there was insurance to pay any damages that might be awarded to the complainant by the Commission. Because of this alleged representation, the complainant maintains that respondent cannot now take a contrary position that there is no obligation to pay this claim, as it is prevented from doing so because of the application of the equitable doctrines of estoppel and/or unclean hands.

While not bound by the Superior Court Rules of Civil Procedure, or their federal counterpart, the Commission looks to those Rules for guidance in interpreting and applying its own rules. When ruling on a Motion to Dismiss a charge, the Commission considers all allegations in the light most favorable to the complainant. *See, e. g., Goldstein v. RI Hospital Trust National Bank*, 110 R.I. 580, 296 A.2d 112 (1972); *DiMase v. Fleet Nat'l Bank*, 723 A.2d 765 (R.I. 1999).

In appraising the sufficiency of a charge, the Commission follows the established rule that "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hison v. King & Spalding*, 467 U.S. 69, 73 (1984).

The respondent has provided the Commission with an Order of Dismissal from the MCAD that it maintains addressed the issue before this Commission, albeit before the MCAD. That Order provides, in pertinent part, that:

> The Plan also established a permanent injunction prohibiting and [sic] person from ... 'continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind,' including any proceeding in an administrative forum. While under certain circumstances, the Commission is not bound by the automatic stay of proceedings issued by a Bankruptcy Court, because of its role and authority as a civil rights enforcement agent to issue non-monetary orders regarding compliance with c. 151B, the Commission must still assess whether it is in the

> public interest to proceed with claims where the likelihood of a Complainant securing any monetary relief is negligible or non-existent and where its enforcement powers may not necessarily reach or apply to a successor company. *Dannette Williams v. U.S. Airways, Inc.*, Docket No. 04-BEM-02450, Commonwealth of Massachusetts Commission Against Discrimination.

Unlike the MCAD, this Commission finds that there are public interests that could be considered in a public hearing on this matter. The Commission has found probable cause to believe the complainant's allegations of discrimination. If the serious allegations of the complainant are found to be substantiated, the Commission has the statutory obligation to fashion remedies to protect the public interest. Therefore, if the complainant is able to proceed to present her case, the Commission would proceed even if no monetary relief for the complainant was available as a result of the Bankruptcy Order.

Here, an Order was entered in the respondent's bankruptcy that specifically affects the complainant's right to proceed herein. In objection to the reach of that Order, the complainant has raised two arguments. First, she maintains that the respondent misrepresented the scope of insurance coverage and that such misrepresentation bars the application of the ruling by the Bankruptcy Court on the Second Claims Objection to her complaint before this Commission. Secondly, she advances the argument that the relief sought by the complainant is not a "claim", and therefore, is outside the scope of the ruling on the Second Claims Objection.

The task of the Commission is narrow at this point. Applicable law and precedent must be reviewed to determine if either would support a finding that the Commission's proceedings with respect to the complainant's claim for relief are outside the scope of the Order of the Bankruptcy Court.

While the complainant urges upon this Commission the argument that because the respondent was less than forthright in its representation to her of the availability of insurance coverage it is estopped from raising that defense, the respondent posits that the issue of dischargeability has been adjudicated by the Bankruptcy Court when it ruled on the Second Claims Objection. This ruling, urges the respondent, is binding upon the parties.

The Commission agrees and holds that the defense of misrepresentation of insurance coverage could have been raised by complainant before the Bankruptcy Court when it considered the Second Claims Objection. The ruling by the Bankruptcy Court on the Second Claims Objection is an adjudication of all issues between the same parties that were raised or

could have been raised at the time of the hearing. This Commission finds that the doctrine of *res judicata* applies and that the parties before the Commission are bound by the prior ruling of the Bankruptcy Court.

In Department of Corrections v. Tucker, 657 A.2d 546, 549 (RI 1995), the Rhode Island Supreme Court stated that:

> Rhode Island has long accepted and applied the doctrine of *res judicata* in respect to decisions of the courts of this state and the courts of other states. Generally the doctrine of *res judicata* makes prior judgments conclusive in regard to any issues that were raised or that could have been raised before the first tribunal.

The final argument urged on this Commission by the complainant is that since part of the relief she is seeking is equitable relief, namely reinstatement to her job, this type of relief does not constitute a "claim" as that term is defined by the bankruptcy code. If the relief can properly be considered a "claim", then it must follow that it was dismissed by the Bankruptcy Court by its ruling on the Second Claims Objection. [1]

The Commission lacks the jurisdiction to determine whether or not equitable relief is properly considered a "claim". While there is some disagreement between the United States District Courts as to whether the issue of what constitutes a claim is exclusively an issue for Bankruptcy Courts, or one in which the District Courts have concurrent jurisdiction with Bankruptcy Courts, the Commission cannot find any authority that has held that a state anti-discrimination agency has the jurisdiction to make that determination.[2] The complainant has not directed our attention to any precedent supporting her position that the issue is proper for this tribunal to decide.

The Commission holds that the proper forum in which to raise any objections to the dischargeability of complainant's claim is the United States Bankruptcy Court for the Eastern District of Virginia. Whether misrepresentations were made, the extent to which those alleged misrepresentations would affect the respondent's Second Claims Objection

---

1 The United States Court of Appeals for the Third Circuit held that pilots' claims for seniority integration could be satisfied by monetary rewards in lieu of specific performance and therefore constituted "claims". *In re Continental Airlines*, 125 F.3d 120 (3d Cir. 1997).

2 *In re Thibodeau*, 136 B.R. 7 (Bankr. D. Mass 1992) held that jurisdiction was concurrent between the Federal District Court and the Bankruptcy Court. The Bankruptcy Court for the District of Rhode Island in the case of *In re Huelbig*, 313 B.R. 540 (Bankr. D.R.I., 2003), accepted the broad definition of the term "claim".

and whether the complainant's potential remedy of reinstatement constitutes a "claim" cannot be considered by the Commission.

## ORDER

The Motion of the respondent to Dismiss the Complaint is conditionally granted, without prejudice to complainant's right to commence, within thirty days of this Order, to litigate in the United States Bankruptcy Court for the Eastern District of Virginia, her objections to the inclusion of her claim in the Second Claims Objection. If she fails to so commence to litigate her claim in that forum, the within Dismissal of the complainant's claim for relief shall become unconditional without further action by the Commission. Both complainant and respondent are charged with the responsibility of notifying the Commission of further action taken, or lack thereof, in the United States Bankruptcy Court for the Eastern District of Virginia.

Entered this 31st day of May, 2007.

John B Susa

Rochelle Bates Lee

## CERTIFICATION

I hereby certify that on May 31, 2007 I cause to be mailed a true copy of the **DECISION ON MOTION TO DISMISS** regarding the case Janelle M. Rederford vs. US Airways 02 EPD 271-07/07 to the following persons:

Daniel E Farrington, Esq.
4550 Montgomery Avenue
Suite 775 North
Bethesda, MD 20814
Jeri Coppa-Knudson, Trustee
PMB 62
2495 Lakeside Drive
Reno, NV 89509-4841

Janelle M. Rederford
1285 Haddock Drive
Reno, NV 89512

Howard Moore, Jr.
445 Bellevue Avenue, Suite 202
Oakland, CA 94610-4924

Betsy Ross
Betsy Ross
Chief Clerk
May 31, 2007

STATE OF RHODE ISLAND

# COMMISSION FOR HUMAN RIGHTS

*Chair*
Dr. John B. Susa

*Commissioners*

Joaquin F. Gomes
Iraida Williams
Randolph Lowman
Camille Vella Wilkinson
Jean Stover

*Chair Emeritus*
Marguerite A. Beaubien

*Executive Director*
Michael D. Évora, Esq.

## JUDICIAL REVIEW NOTICE

Pursuant to §42-35-12 of the RI General Laws

Please take notice that you have the right to have judicial review of this final Order in a court of law pursuant to the Administrative Procedures Act, Section 42-35-15 of the Rhode Island General Laws. Proceedings for review are instituted by filing a complaint in the superior court of Providence County or in the superior court in the county in which the cause of action arose. The complaint must be filed with that court within thirty days after mailing notice of this final decision, or, if you have requested a rehearing, within thirty days after the decision on your request for a rehearing. Copies of the complaint must be served upon the Rhode Island Commission for Human Rights and all other parties of record in the manner prescribed by applicable procedural rules of court and within ten days after you file the complaint in court.

If you have any questions, please seek the advice of an attorney. If you do not have an attorney, you may contact the Lawyer Referral Service of the RI Bar Association. Staff of the RI Commission for Human Rights cannot give you any legal advice.

Fax (401) 222-2616
180 Westminster Street, Providence, RI 02903
(401) 222-2661
http://richr.ri.gov
TDD# (401) 222-2664