**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JANELLE REDERFORD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **C.A. No. 08-164-S-DLM** |
| | : | |
| **US AIRWAYS, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS**

Now comes the Plaintiff, and objects to Defendant's Motion to Dismiss. In support of said objection, Plaintiff relies upon her Memorandum, attached hereto and made a part hereof.

Respectfully submitted,

/s/ Vicki J. Bejma
VICKI J. BEJMA, #6498
LAW OFFICES OF STEPHEN M. ROBINSON
155 South Main Street, Suite 402
Providence, Rhode Island 02903-7115
T. 401.331.6565
F. 401.331.7888
vbejma@smrobinsonlaw.com
August 25, 2008

**CERTIFICATION**

I, the undersigned, do hereby certify that a true copy of the above was sent on to the parties below in accordance with the electronic filing requirements on August 25, 2008:

Daniel E. Farrington, Esq.
The Farrington Law Firm, LLC
4550 Montgomery Avenue, Suite 775 North
Bethesda, MD 20814

Rebecca McSweeney, Esq.
Jackson Lewis LLP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903

/s/ Vicki J. Bejma

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JANELLE REDERFORD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **C.A. No. 08-164-S-DLM** |
| | : | |
| **US AIRWAYS, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

This civil action brought by Janelle Rederford, as Plaintiff, against US Airways, Inc., as Defendant, comes before the Court on Defendant's motion to dismiss her complaint pursuant Fed. R. Civ. P., Rule 12(b)(6) for alleged failure to state a claim for which relief may be granted. Defendant does not contend that the complaint fails to state a claim or claims for which relief may be granted. Rather, it improperly uses its motion to assert an affirmative defense which does not appear on the face of the complaint. Defendant contends that the claims alleged in Plaintiff's complaint were discharged by the United States Bankruptcy Court for the Eastern District of Virginia (the Bankruptcy Court), were dismissed by the Rhode Island Commission for Human Rights (RICHR), and dismissed by the Rhode Island Superior Court.

In opposition to the motion to dismiss, Plaintiff contends that the doctrines of judicial estoppel and unclean hands bar dismissal of her complaint. The doctrine of judicial estoppel prevents a party from making representations in one court to gain an advantage of the opposing party and thereafter taking a different position before another court in an action between the same parties. In the Bankruptcy Court, in support of its petition to discharge contingent and

unliquidated claims, such as Plaintiff's, Defendant represented that *"such claimants will recover the* full *amount of their claims, if they are so entitled from available insurance proceeds."* (Exhibit 3 to Motion, ¶ 32)(emphasis added). Defendant identified Plaintiff's claim as one which was contingent and unliquidated and thus one which would be allowed to proceed notwithstanding its discharge in Defendant's bankruptcy proceedings. (Exhibit E to Motion and Exhibit 3, claim # 2631). The availability of insurance to fully pay discharged contingent and unliquidated claims has no other reasonable meaning, if the claimant were forever barred from attempting to resolve the contingency in another forum rand collect on the insurance. Plaintiff certainly could not have done so in the bankruptcy proceedings, since its very purpose was to discharge contingent and unliquidated claims so Defendant could reorganize itself and be discharged from bankruptcy. Accordingly, the Motion to Dismiss should be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Around January 31, 2002, at the T. F. Green Airport in Warwick, Rhode, Island, Defendant terminated Plaintiffs employment for alleged unauthorized absences from work. (Complaint (CPL) ¶ 6). On April 25, 2002, Plaintiff timely filed a charge of discrimination with the EEOC, in which she alleged that Defendant terminated her 24-year employment with it as a customer service representative because of her physical disability. (Exhibit 2 to Motion, Docket Item 10-3, at 3). Her charge of discrimination was crossed-filed with the RIHRC.

In her Complaint, Plaintiff alleged she was absent from work from January 2, 2002, through January 5, 2002, due to an illness related to her ongoing problems with Lupus. When she returned to work, Hannah Head, her immediate supervisor, required her to submit a Certification from her physician, regarding the nature, severity, and likely recurrence of her medical condition. Plaintiff obtained the Certification from her health care provider,

Virginia Schmidt Parker, M.D. of Warwick, Rhode Island, and submitted it to Ms. Head, but Ms. Head was not satisfied with it. She demanded Plaintiff to submit an amended Certification or report by no later than Saturday, January 26, 2002. Dr. Parker was not able to prepare the amended Certification or report by January 26. Dr. Parker or her office contacted Ms. Head directly and requested an extension up through and including Monday, January 28, 2002. (Cpl. ¶ 7)

On January 28, 2008, while she was at work, Ms. Head called Plaintiff and told her that she had not received the Certification from Dr. Parker. Plaintiff informed Ms. Head that she would look in to it. Plaintiff was not able to contact Dr. Parker's office until after her offices had closed for the day. Without further contacting Dr. Parker or Plaintiff, when her physician was not able to comply, Defendant summarily terminated Plaintiff. (Cpl. ¶ 8).

Since the summer of 1979, when her condition was first diagnosed, Plaintiff has suffered from Systemic Lupus Erythematosus ("Lupus"), which limits her in one or more major life activities. Lupus is an autoimmune disease. It has numerous signs and symptoms such as rashes, sensitivity to sunlight, skin ulcers, arthritis, serositis, renal or kidney problems, brain or spinal cord problems, fatigue, dizziness, headaches or depression. It may go into remission for indefinite periods of time. (Cpl. ¶ 3). With reasonable accommodations, Plaintiff did and could perform all of the essential functions of her position as a customer service representative. *(Ibid)*.

In this civil action, Plaintiff claims that Defendant violated Title I of the Americans with Disabilities Act (ADA), Pub. L. No. 101-136, (42 United States Code §§ 12111-12117) to remedy disability discrimination in employment. The ADA makes it unlawful to discriminate against a person with a disability by denying them reasonable accommodations, making

prohibited inquiry into the nature or severity of the disability, failing to interact in good faith to reach a reasonable accommodation, and retaliating and coercing an employee.

Plaintiff seeks to recover equitable relief including reinstatement, back and front pay, among other things.

## III. LEGAL ANALYSIS

### A. Legal Standards which Govern a Motion Under Rule 12(b)(6)

A motion under Rule 12(b)(6) tests the sufficiency of the claim or claims alleged in the complaint. The motion is similar in function to a common law general demurrer. The Court is required to decide whether the facts alleged, if true, are sufficient to state entitle the plaintiff to some form of remedy. Unless the Court concludes the answer is unequivocally "no," the motion must be denied. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

A Rule 12(b)(6) motion may only be granted where the complaint fails to show existence of either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.,* 901 F. 2d 696, 699 (9" Cir.1990)."A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that could make out a claim." *Hearn v. R. J. Reynolds Tobacco Co.,* 279 F.Supp.2d 1096 (D AZ 2003). In deciding the motion, the Court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. *In Re Credit Suisse First Boston Corp.,* 431 F. 3d 36, 51 (Is` Cir.2005).

Only defenses which appear on the face of the complaint may be asserted in a motion to dismiss under Rule 12(b)(6). *Federal Procedure Before Trial,* Schwarzer, Tashima & Wagstaffe, §9:193 (The Rutter Group). A Rule 12(b)(6) cannot be used, as Defendant uses it here, to raise an affirmative defense. *Xechem, Inc. v. Bristol-Myers Squibb Co.,* 372 F.3d 899, 901 (7th Cir.

2004). There are no allegations in Plaintiff's complaint which relate to Defendant's bankruptcy or to the alleged discharge of her claim or claims in bankruptcy. Thus, Defendant's motion is procedurally defective and may be overruled and denied on that ground alone.

**B. PLAINTIFF IS NOT BARRED FROM PURSUING HER EMPLOYMENT DISCRIMINATION CLAIMS BECAUSE THEY ARE NOT CLAIMS FOR THE PAYMENT OF A DEBT.**

**1. Remedial Orders to Enforce National Policy Against Employment Discrimination Are Not Orders for Payment of a Debt Within the Meaning of the Bankruptcy Code.**

The Bankruptcy Code does not bar Plaintiffs claims to the extent that she is entitled to reinstatement, back and front pay, and restoration of her benefits. The Bankruptcy Code only bars claims which seek payment of a debt as defined in §§101(6)(A) and 10 1(12), 11 U.S.C. In *Golden State Bottling Company, Inc. v. NLRB,* 414 U.S. 168-176-177 (1973), the Supreme Court held that reinstatement and a back pay order to a successor entity was a valid exercise of the NLRB's remedial powers under § 10(c) of the National Labor Relations Act. An order to Defendant to pay Plaintiff back and front pay is not an order directing payment of a debt. Rather, it is a remedial order to enforce national policy to make victims of employment discrimination whole. *Albemarle Paper Company v. Moody,* 422 U.S. 405, 418 (1975; and *Franks v. Bowman Transportation Company,* 424 U.S. 747 (1976). Back and front pay are components of the make whole remedy. *Pollard v. E. I. Dupont de Nemours,* 532 U.S. 843 (2001); and *Gotthardt v. National Railroad Passenger Corporation,* 191 F. 3d 1148 (9th Cir.1999).

**2. The Doctrine of Judicial Estoppel Bars Granting Defendant's Motion to Dismiss.**

The doctrine of judicial estoppel bars a party from taking one position in a legal proceeding which is inconsistent with a subsequent position. The doctrine applies where the

later position is inconsistent with the first, the facts in dispute are the same, and the party to be estopped persuaded the first court to adopt its position. *New Hampshire v. Maine,* 532 U.S 742, 751 (2001); and *D & H Therapy Assoc. v. Murray,* 821 A.2d 691 (R.I. 2003). If not estopped, Defendant will clearly obtain an unfair advantage over Plaintiff, dismissal of her complaint with prejudice, by taking inconsistent positions.

Defendant's representation to the Bankruptcy court that sufficient insurance to pay in full contingent and unliquidated claims estops it from maintaining that Plaintiff is barred from pursuing her lawsuit in this Court. Defendant represented that Plaintiff would not be harmed if the Bankruptcy Court sustained its objections to her contingent and unliquidated claim if its petition were quickly confirmed. In its motion before this Court, Defendant takes an opposite and inconsistent position: if Plaintiff is allowed to proceed she would be doing so in violation of the permanent injunction. A decision which bars Plaintiff from proceedings would be tantamount to enabling Defendant to commit fraud on the Bankruptcy court.

Moreover, if there is insurance to pay Plaintiff s claim, allowing her to proceed does not violate the Bankruptcy Code, since Defendant may seek indemnification from its insurer for any payments it may be ordered to make. Such payment would not be made from the plan. In the alternative, Defendant should be ordered to disclose the identity of its insurer or insurers and the amount of coverage available, and Plaintiff allowed to bring the insurer or insurers into the Court as a necessary party to provide complete relief.

Dismissal of Plaintiff's claim by the RIHRC has no preclusive or binding effect in these proceedings. This Court hears claims for employment discrimination *de novo,* independent of prior administrative adjudications. *Johnson v. Railway Express Agency,* 421 U.S. 454. 458 (1975). Moreover, on the question whether the relief Plaintiff seeks in this action constitutes a

claim within the meaning of the bankruptcy code, the RIHRC held that it lacked jurisdiction to decide that claim. (Exhibit 9 to Motion, at page 6, Docket Item 10-10, at 7).[1]

The Rhode Island Superior Court did not decide the merits of Plaintiff's claims. It only decided that it did not have jurisdiction to review the decision of the RIHRC.

**3. The Doctrine of Unclean Hands Prevents Dismissal of Plaintiffs Lawsuit.**

"[O]ne who has unclean hands is not entitled to proceed in equity." *Black's Law Dictionary* 791, (6th ed. 1990). Defendant affirmatively represented to the Bankruptcy court that Plaintiff would be allowed to proceed with her claim, and it would be paid in full if she prevailed. No other reasonable and common sense meaning may be attributed to Defendant's representation: *"claimants will recover the* full *amount of their claims, if they are so entitled, from available insurance proceeds."* (Exhibit 3 to Motion, ¶ 32, at 10, Docket Item 10-4, at 11)(emphasis added). The language "if they are so entitled" must be construed to mean that if Defendant's objections were sustained Plaintiff would nevertheless be allowed to proceed in some administrative or judicial forum to resolve the contingent nature of her claim, and, if it were found valid, she would and could recover the full amount of her claim "from available insurance proceeds." Defendant's contention that the injunction the Bankruptcy court issued bars Plaintiff's claims is willful action. Any willful action of the sort relating to the controversy before the Court constitutes a violation of the doctrine of unclean hands. See 27 *AM JUR,* 2d "Equity" § 129.

---

[1] 'The discussion of *res judicata* in the decision of the RIHRC is *obiter dictum.* Plaintiff could hardly have raised the issues which she raises in this action in the bankruptcy proceedings, since the bankruptcy court does not have jurisdiction to litigate the merits of employment discrimination claims, and the issue whether such contingent and unliquidated claims were barred notwithstanding Defendant's representation such claims would be allowed to proceed in some forum and paid if they were sustained.

**4. The Cases Defendant Relies Upon Do Not Require Dismissal of Plaintiffs Complaint.**

The cases Defendant cites to support the merits of its argument are mere make weights. They do not address the undisputed fact that Defendant cannot proceed by Rule 12(b)(6) motion to obtain dismissal of Plaintiffs complaint; nor do they involve a claim for payment of a debt within the meaning of the Bankruptcy code (11 U.S.C. §§ 101(5)(A) and 101(2). Those cases do not justify granting Defendant's motion notwithstanding the doctrine of judicial estoppel and the doctrine of unclean hands. The cases Defendant relies upon merely deal with the issue when a claim arose in relationship to the issue of when the debtor was discharged, which is not an issue in this case. *O'Loughlin v. County of Orange,* 229 F. 3d 871, 874 (9" Cir.2000); *McSherry v. Trans World Airlines, Inc.,* 81 F. 3d 739, 740-41 (8`h Cir. 1996); *Carter v. Safety-Kleen Cor.,* No. 06 CV 12947, 2007 WL 1189581, a *5 (S.D.N.Y. 03/14/2007); *Cross v. KB. Toys,* No. 05C-6137, 2006 WL 2437831, at * 3 (N.D. 11, 08/22/2006); and *Cherry v. Arendall,* 247 B.R. 176,181-82 (Bankr. E.D. VA 2000).

## IV. CONCLUSION

WHEREFORE, for all of the foregoing reasons, Plaintiff JANELLE REDERFORD respectfully submits that Court must overrule and deny Defendant US Airways, Inc.'s motion to dismiss her complaint.

Respectfully submitted,
Local Counsel for Plaintiff,

/s/ Vicki J. Bejma
VICKI J. BEJMA, #6498
LAW OFFICES OF STEPHEN M. ROBINSON
155 South Main Street, Suite 402
Providence, Rhode Island 02903-7115
T. 401.331.6565
F. 401.331.7888
vbejma@smrobinsonlaw.com
August 25, 2008

**CERTIFICATION**

I, the undersigned, do hereby certify that a true copy of the above was sent on to the parties below in accordance with the electronic filing requirements on August 25, 2008:

Daniel E. Farrington, Esq.
The Farrington Law Firm, LLC
4550 Montgomery Avenue, Suite 775 North
Bethesda, MD 20814

Rebecca McSweeney, Esq.
Jackson Lewis LLP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903

/s/ Vicki J. Bejma