UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JANELLE REDERFORD,<br>Plaintiff, | : | |
| v. | : | CA 08-164 S |
| US AIRWAYS, INC.,<br>Defendant. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is the Motion for Admission Pro Hac Vice (Document ("Doc.") #13) ("Motion") of Attorney Howard Moore, Jr. ("Attorney Moore"). The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, I recommend that the Motion be granted with two conditions.

**Facts**

Attorney Moore seeks to be admitted pro hac vice in the above entitled matter in order to represent Plaintiff Janelle Rederford ("Plaintiff"). See Application for Pro Hac Vice Admission (Doc. #15) ("Application"). In his Application, Attorney Moore responded affirmatively to Question No. 3: "Are there any disciplinary proceedings pending against you at this time[.]" Application at 1. In an attachment, he indicated that as a result of his failure to file a brief for a defendant who had retained him to appeal a criminal conviction to the United States Court of Appeals for the Eleventh Circuit and also as a result of Attorney Moore's failure to respond to two letters from that court requesting information about the status of the appeal, the Eleventh Circuit had referred the matter to the California State Bar where it is now pending under the caption and number,

In the Matter of Howard Moore, Jr., Case No. 05-O-04325, State Bar Court of California.[1] Attorney Moore states that a settlement conference is scheduled for September 12, 2008, and trial is scheduled for November 11, 2008.

**Discussion**

It is within the Court's discretion whether to accept an attorney's application for pro hac vice admission. See Panzardi-Alvarez v. United States, 879 F.2d 975, 981 (1st Cir. 1989); see also id. at 980 (noting that local rule of permitting *pro hac vice* appearances by attorneys before the District Court of Puerto Rico was discretionary in nature and even if all requirements are satisfied, the court may, in its sound discretion, deny the request for admission); DRI LR Gen 204 (containing language similar to the local rule considered in Panzardi-Alvarez).

In the instant matter, Attorney Moore has disclosed that he is the subject of pending disciplinary proceedings before the State Bar of California. No determination has been made at this point whether he should be disciplined. Given this circumstance, there appears to be no reason to deny the Motion outright.

[1] Attorney Moore answered "No" to Question No. 2: "Have you ever been disciplined or sanctioned by any court or other body having disciplinary authority over attorneys[.]" Application at 1. A more precise answer would have been "Yes" with an explanation that in 1985 he was fined $500.00 for criminal contempt by the United States District Court for the Southern District of Alabama, but the judgment was reversed on appeal by the United States Court of Appeals for the Eleventh Circuit. See In re Howard Moore, Jr., 812 F.2d 1552 (11th Cir. 1987). The basis for the district court's finding of contempt was its conclusion that Attorney Moore had violated an order against injecting racial bias into the case by asking a question the court believed it had prohibited. See id. at 1564-65. Among other findings, the Eleventh Circuit found that there was no substantial evidence that a reasonably specific relevant order had been promulgated on the subject of injecting racial bias in the case, id. at 1566, that no injection of racial prejudice had occurred, id. at 1567, and that no appeal had been made to racial prejudice, see id.

The Court does have an interest, however, in insuring that only attorneys who are authorized to practice law appear before it. Since the possibility exists that Attorney Moore's ability to continue to practice law could be affected by an unfavorable outcome before the California State Bar, I recommend that as a condition of his admission he be required to keep this Court informed of all developments in the pending disciplinary proceeding, especially any determination by the California State Bar that he should be disciplined.

In addition, it seems reasonable to require that Attorney Moore disclose to Plaintiff the information contained in the attachment to Application so that she can make a fully informed decision relative to being represented by him in this action. Accordingly, I further recommend that Attorney Moore be required to provide the Court with an affidavit signed by Plaintiff stating that she has read the attachment to his Application and that she is aware he is the subject of a pending disciplinary matter before the California State Bar, but that she still wishes to have him represent her in the instant action.

**Conclusion**

For the reasons stated above, I recommend that the Motion be granted with two conditions. First, Attorney Moore should be required to keep this Court informed of the status of the pending disciplinary proceeding before the California State Bar. Second, he should be required to submit an affidavit from Plaintiff stating that she has read the attachment to his Application and that she is aware he is the subject of a pending disciplinary matter, but that she still wishes to have him represent her in the instant action.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten

(10)[2] days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
August 27, 2008

[2] The ten days do not include intermediate Saturdays, Sundays, or holidays. See Fed. R. Civ. P. 6(a)(2).