**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JANELLE M. REDERFORD**, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CV 08-00164-S-DLM |
| **US AIRWAYS, INC.**, | ) | |
| Defendant. | ) | |

**DEFENDANT US AIRWAYS, INC.'S**
**REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

US Airways, Inc. ("US Airways" or "the Company"), by and through its undersigned counsel, submits this Reply Brief in support of its Motion to Dismiss.

## INTRODUCTION

In her Opposition Memorandum, Plaintiff Janelle Rederford ("Rederford") contends that her claim should not be dismissed despite having been discharged in US Airways' bankruptcy proceeding for two reasons. First, Rederford contends in the face of a specific Order from the United States Bankruptcy Court for the Eastern District of Virginia disallowing her claim that somehow her claim was not, in fact, discharged. Second, Rederford argues that she was misled to believe through US Airways' bankruptcy filings that she would be permitted to proceed with her claim and recover

from an insurer and that it is unfair for US Airways to reap a benefit from so misleading her. Rederford's contentions are wholly unsupportable as a matter of law.[1]

## I. REDERFORD'S CLAIM WAS DISCHARGED IN US AIRWAYS' BANKRUPTCY PROCEEDING.

The United States Bankruptcy Code provides broad relief to debtors from all "claims." The Code's definition of "claim" is expansive, and includes employment discrimination claims like those attempted by Rederford here. A "claim" is a:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured . . . .

11 U.S.C. § 101(5). "By enacting this definition, Congress gave the 'broadest possible definition' to the term 'claim' in order to ensure that 'all legal obligations of the debtor, no matter how remote or contingent, [would] be dealt with in the bankruptcy case.'" <u>In re Cybermech, Inc.</u>, 13 F.3d 818, 821 (4th Cir. 1994), <u>citing</u> Rep. No. 989, 95th Cong. 2d Sess. 22, reprinted in 1978 U.S.C.C.A.N. 5787, 5808.

Rederford's request for back pay and front pay are classic claims for a "right to payment" and, therefore, have been discharged. <u>Cf.</u> <u>McSherry v. Trans World Airlines, Inc.</u>, 81 F.3d 739, 740-41 (8th Cir. 1996) (employee's disability discrimination claim

---

[1] Rederford is incorrect in her contention that US Airways' motion raising bankruptcy discharge is improper under Fed. R. Civ. P. 12(b)(6). <u>See, e.g.</u>, <u>Conroy v. Delta Air Lines, Inc.</u>, No. 07-61890-CIV, 2008 WL 1994830, at *2 (S.D. Fla. May 8, 2008) (granting 12(b)(6) motion to dismiss ADA discrimination claim based upon bankruptcy discharge); <u>Compliant Rx Solutions, Inc. v. XO Communications</u>, 05-CV-676-LDD, 2006 WL 999971, at *2 (E.D. Pa. 2006) (noting that it is appropriate for district court to address bankruptcy discharge under a 12(b)(6) standard and to take judicial notice of and consider public documents related to the relevant bankruptcy proceedings in doing so). In any event, regardless of whether the Court considers US Airways' motion as a 12(b)(6) or a 12(b)(1) motion Rederford's claims have been discharged and her Complaint must be dismissed.

discharged in employer's bankruptcy); Cross v. K.B. Toys, No. 05 C 6137, 2006 WL 2437831, at *2 (N.D. Ill. Aug. 22, 2006) (plaintiff's retaliation and sexual harassment claim discharged in employer's bankruptcy).

Rederford's contention that the equitable nature of certain remedies traditionally available in employment discrimination cases, such as reinstatement, saves her claim from discharge is erroneous and the single case she sites for the proposition is inapposite. Indeed, Golden State Bottling Co., Inc. v. NLRB, 414 U.S. 168 (1973), addressed corporate successor liability for violations of the National Labor Relations Act and had nothing to do with whether an employment discrimination claim – or any claim for that matter – is discharged in bankruptcy.

Rather, the Bankruptcy Code's broad definition of "claim" encompasses equitable claims that may give rise to a right of payment. See 11 U.S.C. § 101(5)(B). In determining whether the remedy gives rise to a payment right, courts have focused on whether a monetary payment is a viable alternative for the equitable remedy sought. In re Continental Airlines, 125 F.3d 120 (3d Cir. 1997).

In Continental Airlines, the court addressed the issue of whether an airline pilots' equitable claim for seniority integration was a "claim" within the meaning of the Bankruptcy Code. The United States Court of Appeals for the Third Circuit concluded that the airline pilots' equitable remedy of seniority integration could give rise to a right to payment and thus met the definition of "claim" under the Bankruptcy Code. In reaching its decision, the Third Circuit analogized the seniority integration claims to wrongful discharge cases in which courts have enforced monetary damages in lieu of reinstatement:

> Much like reinstatement, seniority integration is a 'make whole' remedy, the purpose of which is to restore the employee to the economic status quo that would exist but for the employee's conduct. See Franks v. Bowman Trans. Co., 424 U.S. 747, 766, 96 S. Ct. 1251 (1976).
>
> Although we have recognized that reinstatement is the preferred remedy to address cases of wrongful discharge, we have enforced monetary awards as a viable alternative where reinstatement is impractical. (*citations omitted)* Similar to the conditions that can result from the enforcement of reinstatement, disruption to the work environment, irreparable damage to work relationships, and hostility and animosity are all very probable conditions that can result from the enforcement of seniority integration. Considering the similarity in purpose between the two remedies, the rationale underlying the enforcement of an alternative remedy to fulfill their remedial purposes, and the similarity in the impracticality of enforcing the remedies under particular circumstances, we are certain that a money damage award is an appropriate alternative to seniority integration.

Id. at 135-6. Accordingly, the Third Circuit found that the pilot's equitable claim for seniority integration was a "claim" under the Bankruptcy Code. Id. at 136.

Similarly, a monetary payment would be an alternative remedy to Rederford's claim for reinstatement just like it was for the pilots' claim for seniority integration in Continental Airlines. Accordingly, Rederford's claims for equitable relief are "claims" under section 101(5) of the Bankruptcy Code that have been discharged.

Indeed, courts routinely dismiss employment discrimination claims for reasons of bankruptcy discharge without distinguishing between the remedies otherwise available to the plaintiff. See Jaurdon v. Cricket Communications, Inc., 412 F.3d 1156 (10th Cir. 2005) (dismissing appeal of adverse judgment of employees' race discrimination and retaliation claims where defendant-employer filed for bankruptcy); Heitz v. Salant Corp., No. 95-CIV-3866, 1997 WL 13241 (S.D.N.Y. Jan. 15, 1997) (dismissing a complaint of sexual harassment and discrimination because such claims were discharged in bankruptcy); Kresmery v. Service America Corp., 227 B.R. 10, 14 (Bkrtcy. D. Conn.

1996) (same). Rederford's disability discrimination claim was discharged by US Airways' bankruptcy and must be dismissed.

## II. US AIRWAYS DID NOT STATE IN BANKRUPTCY PROCEEDINGS THAT REDERFORD'S CLAIM WAS COVERED BY INSURANCE.

Rederford's remaining arguments rest atop a house of cards built upon her misrepresentation of US Airways' Second Omnibus Objection (attached as Exhibit 3 to US Airways' Motion to Dismiss). Rederford falsely claims that US Airways represented in that document that Rederford's claims were covered by applicable insurance policies.

US Airways attached to the Second Omnibus Objection as Exhibit E an extensive list of claims to which it was objecting in the bankruptcy proceeding. The full content of Paragraph 32 on which Rederford so heavily relies demonstrates that Rederford's claim that US Airways promised insurance proceeds for her employment discrimination claim is specious at best. Paragraphs 30-33 addressed and described Contingent and Unliquidated claims and the reasons they should all be disallowed. Paragraph 32 states, in its entirety:

> Exhibit E also includes numerous claims resulting from various litigation initiated, or threatened, against the Debtors, including but not limited to, personal injury tort claims and other miscellaneous alleged causes of action. The Debtors contend they have no liability for such claims. These claims include numerous frivolous labor and employment litigation claims, alleged workers' compensation claims, alleged intentional tort claims, alleged breach of fiduciary duty claims, alleged civil antitrust claims, and various other litigation claims that are grossly overstated in amount even if liability for such claims is presumed (which liability is expressly denied by the Debtors). Moreover, to the extent any such litigation claims are completely covered by any of the Debtors' applicable insurance policies as described in paragraph 4 above, the Debtors object to such claimants receiving any distribution under the Plan since such claimants will recover the full amount of their claims, if they are so entitled, from available insurance proceeds.

The only insurance referenced in Paragraph 32 was the insurance "as described in paragraph 4," which was applicable solely to personal injury claims: "The Debtors maintain policies of insurance (the "Insurance Policies") that cover most, if not all, ***personal injury tort claims***, subject to certain deductible limitations with respect to certain of the Insurance Policies and other customary policy exclusions. (See Second Omnibus Objection at ¶4) (emphasis added).

Accordingly, the language in Paragraph 32 upon which Rederford so strenuously relies did nothing more than inform the Bankruptcy Court that certain "personal injury tort claims" might have been covered by insurance and made the common sense argument to the Bankruptcy Court that, "to the extent" such personal injury tort claims were covered the claimants should not double recover through the bankruptcy proceeding and the insurance coverage.

It is beyond credulity for Rederford to claim either (1) that her employment discrimination claim was a "personal injury tort claim" or (2) that the statements made in Paragraphs 4 and 32 of US Airways' Second Omnibus Objection made any suggestion – let alone a representation – that Rederford's employment discrimination claim was covered by insurance.[2] Indeed, such a reading would lead to the nonsensical conclusion that in Paragraph 32 US Airways was representing that all of the "numerous frivolous labor and employment litigation claims, alleged workers' compensation claims, alleged intentional tort claims, alleged breach of fiduciary duty claims, alleged civil antitrust

[2] In fact, as noted in Paragraph 4 of the Second Omnibus Objection, US Airways entered into stipulations with various claimants whose claims were covered by insurance policies, whereby the claimants released and waived their claims against US Airways and agreed to limit any recovery to available insurance proceeds. See id., at 3, ¶ 4. US Airways did not enter into any such stipulation with Rederford precisely because her claim was not covered under any applicable insurance policy.

claims, and various other litigation claims" were covered by insurance. As a matter of law, no objective reasonable reading of the Second Omnibus Objection could be made to support Rederford's claim that US Airways represented that she would be permitted to make a claim against insurance coverage for her purported employment discrimination claim following the conclusion of the bankruptcy proceeding.[3]

## CONCLUSION

For the foregoing reasons and those presented in US Airways' Memorandum of Law in Support of its Motion to Dismiss, the Company respectfully requests that the Court grant US Airways' Motion to Dismiss.

Date: September 12, 2008

Respectfully submitted,

__/s/ Rebecca McSweeney____________

Rebecca McSweeney (R.I. Bar No. 4020)
Jackson Lewis LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903
(401) 490-3444 (Tel.)
(401) 454-7702 (Fax)
Email: mcsweenr@jacksonlewis.com

Daniel E. Farrington (admitted *pro hac vice*)
The Farrington Law Firm, LLC
4550 Montgomery Avenue
Suite 775 North
Bethesda, MD 20814
(301) 951-1577 (Tel.)
(301) 951-1544 (Fax)

---

[3] Rederford is incorrect when she laments to this Court that she could "hardly have raised the issues which she raises in this action in the bankruptcy proceedings" (Opposition Memorandum, at 9, fn. 1). To the contrary, Rederford filed a proof of claim in the Bankruptcy Court and then, for some unknown reason, abandoned the process by failing to file any objection to US Airways' request that her employment discrimination claim be disallowed. Moreover, Rederford was offered a second bite at the Bankruptcy Court apple by the Rhode Island Commission for Human Rights when it invited Rederford to return to the Bankruptcy Court to present the very arguments she presents here. (See Exhibit 9 to Mot. to Dismiss, at 7). Rederford failed to do so.